SABATINO, P.J.A.D.
*433 This appeal poses the legal question of whether N.J.S.A. 46:3-17.4, a provision enacted into law in 1988, precludes a spouse's unsecured creditor from obtaining the forced partition of real *434 property the spouse and his non-debtor spouse own together as tenants by the entirety. We hold the statute prohibits such non-consensual partition. The statute supersedes and nullifies earlier case law that had allowed such a creditor's remedy in certain equitable circumstances.
The facts pertinent to our legal analysis are limited and essentially undisputed. In October 2006, defendant Raul Anibal Jimenez and his wife Gwyn Jimenez[1] obtained a tract of real property in Mansfield, New Jersey. The tract, which is said to be about thirty acres, is undeveloped and has not been used as the owners' marital residence. It is undisputed that defendant and his wife own the property as tenants by the entirety.
In December 2011, plaintiffs Luis Jimenez, Raul Augustin Jimenez, and Lirio Jimenez[2] filed a complaint in the Law Division against defendant seeking repayment on a line of credit they extended to him, as well as the repayment of additional funds he allegedly owed them in connection with a joint venture. Defendant denied liability and brought counterclaims against plaintiffs.
Before a jury trial commenced, the parties settled their respective claims. They entered into a consent judgment on February *956 21, 2014, to be paid by defendant to plaintiffs, in the agreed-upon sum of $225,000. The consent judgment was "filed and recorded as a lien" on March 24, 2014.
The consent judgment recited that plaintiffs agreed to stay its execution until July 1, 2014. After that date passed, and defendant still had not satisfied the judgment, plaintiffs pursued collection efforts. They unsuccessfully attempted to levy upon moneys due *435 from numerous companies with which defendant does business in New Jersey. Plaintiffs also docketed the consent judgment in Pennsylvania, where defendant resides. Bank account searches in New Jersey and Pennsylvania, as well as a personal asset search of defendant, were unproductive.
In January 2016, defendant responded to a post-judgment information subpoena concerning his finances. He claimed no income from his business activities. He did reveal that he and his wife own together a car, two real properties in Pennsylvania, and the Mansfield parcel in New Jersey. Plaintiffs have been unable thus far to obtain recovery of their judgment out of the Pennsylvania real estate, or from any other assets.
In November 2016, plaintiffs moved in the Law Division under Rule 4:59-1(d) to compel the partition and sale of the Mansfield property. Defendant opposed the motion. He argued that such a forced sale and partition of real property, which he co-owns with his spouse as tenants by the entirety, is prohibited by N.J.S.A. 46:3-17.4.
In an oral opinion issued on January 6, 2017, the motion judge denied plaintiffs' application. The judge recognized that, under prior case law, a creditor could obtain the forced partition and sale of interests in real estate owned by a married couple as tenants by the entirety, depending upon the relative equities involved. Nevertheless, the judge ruled, with some reluctance, that N.J.S.A. 46:3-17.4 now disallows such a remedy. This appeal ensued.
The sole question before us is the legal interpretation of N.J.S.A. 46:3-17.4, which is contained within a series of provisions at N.J.S.A. 46:3-17.2 to -17.4. The statute was approved on January 5, 1988. The statute became effective ninety days after its adoption, and applies to "all tenancies which are created on or after" that effective date. L. 1987, c. 357, § 10; see also Freda v. Commercial Tr. Co., 118 N.J. 36, 40, 570 A.2d 409 (1990) (noting the statute's effective date and holding it inapplicable to a tenancy by the entirety created years before that date).
*436 The definitional portion of the statute, Section 17.2, provides that a tenancy by entirety is created when "[a] husband and wife together take title to an interest in real property or personal property under a written instrument designating both of their names as husband and wife ...." N.J.S.A. 46:3-17.2(a). A tenancy by the entirety also is created when a husband and wife become lessees of property through a written instrument containing an option to purchase it and designating both of their names as husband and wife. N.J.S.A. 46:3-17.2(b). Lastly, a tenancy by the entirety is created when an owner spouse conveys or transfers an interest in property to the non-owner spouse and the former jointly, under written instrument, designates both of their names as husband and wife. N.J.S.A. 46:3-17.2(c).
"A tenancy by the entirety is a form of joint property ownership available only to spouses that is created 'when property is held by a husband and wife with each becoming seized and possessed of the entire estate.' " N.T.B. v. D.D.B., 442 N.J. Super. 205, 218, 121 A.3d 910 (App. Div. 2015) (quoting *957 Capital Fin. Co. of Del. Valley, Inc. v. Asterbadi, 389 N.J. Super. 219, 227, 912 A.2d 191 (Ch. Div. 2006) ). "Each co-tenant enjoys the right of survivorship: 'after the death of one, the survivor takes the whole.' " Ibid. (quoting Asterbadi, 389 N.J. Super. at 227, 912 A.2d 191 ) (internal citation omitted). The historical, common-law genesis of these concepts is predicated on the presumed unity of spouses. Tenancies by the entirety "survive [in the law] as a means of protecting marital assets during coverture and as security for one spouse on the death of the other." Freda, 118 N.J. at 46, 570 A.2d 409.
" '[A] tenant by the entirety can alienate his or her right of survivorship, and a judgment creditor of either spouse may levy and execute upon such right' ...." N.T.B., 442 N.J. Super. at 218, 121 A.3d 910 (quoting Asterbadi, 389 N.J. Super. at 227, 912 A.2d 191 ). Critically to the present case, however, "neither tenant may force the involuntary partition of the subject property during the marriage." Ibid. (citing Asterbadi, 389 N.J. Super. at 227, 912 A.2d 191 ).
*437 Section 17.4, the key portion of the 1988 statute relevant to the present case, states as follows:
Neither spouse may sever, alienate, or otherwise affect their interest in the tenancy by entirety during the marriage or upon separation without the written consent of both spouses.
[ N.J.S.A. 46:3-17.4 ].
N.T.B. did not discuss this portion of the statute. Nor has it been interpreted in any published New Jersey opinion involving, as here, an attempt by a third-party creditor to force the partition and sale of real estate owned by spouses as tenants by the entirety.
As plaintiffs emphasize, prior to the adoption of N.J.S.A. 46:3-17.4, case law in our state had authorized courts to compel the partition and sale of a spouse's interests in property held in a tenancy by the entirety, in instances where equitable considerations justified such a remedy. For example, in Newman v. Chase, 70 N.J. 254, 262, 359 A.2d 474 (1976), the Supreme Court recognized that "a debtor's interest in property held as tenant by the entirety may be reached by his or her creditors." (emphasis added). However, the Court qualified that point by stating that "the remedy of partition is not automatically available to a purchaser at [an] execution sale or to a grantee of a trustee in bankruptcy ...." Ibid. (emphasis added). Rather, the propriety of the remedy of partition was subject to the "equitable discretion" of the court. Id. at 264, 359 A.2d 474. Such equitable factors could include, for example, the interests of the debtor's family members in not being dispossessed from their home. Id. at 265-66, 359 A.2d 474. On the other hand, the Court also recognized in Newman v. Chase the competing policy concern of not automatically allowing delinquent debtors " 'the opportunity to sequester substantial assets from just liabilities.' " Ibid. (quoting Way v. Root, 140 N.W. 577, 579 (Mich. 1913) ).
As the motion judge in this case rightly noted, but for the Legislature's adoption of N.J.S.A. 46:3-17.4, the court would have possessed the equitable authority recognized in Newman v. Chase to consider directing the partition of these spouses' interests in the *438 vacant Mansfield parcel. The parcel is not and was not used as a marital residence, as the spouses apparently live elsewhere. According to the complaint, some of the funds extended by plaintiffs to defendant allegedly related to the anticipated further development or sale of the Mansfield realty. Moreover, plaintiffs have expended considerable efforts to recover the judgment proceeds from other potential sources, but so far to no avail. *958 Despite these apparent equities favoring plaintiffs, we agree with defendant that N.J.S.A. 46:3-17.4 precludes the partition and forced sale of the real property because defendant and his wife own it as tenants by the entirety. We recognize Section 17.4 literally commands that "neither spouse" may sever, alienate, or otherwise affect their shared interests in the tenancy by the entirety, and that plaintiffs are not Gwyn Jimenez's "spouse." Even so, we conclude the statutory prohibition applies to a situation where, as here, one spouse's failure to pay his personal debts to third-party creditors has resulted in a money judgment entered against him alone. Otherwise, a free-wheeling spouse, by amassing such individual debt, could detrimentally "affect" the other spouse's interests in their co-owned property.
A statute must be construed in a sensible fashion to give meaning to its provisions. State v. Harper, 229 N.J. 228, 237-38, 160 A.3d 1281 (2017) ; Wilson ex rel. Manzano v. City of Jersey City, 209 N.J. 558, 572, 39 A.3d 177 (2012). There would have been little point for the Legislature to have enacted Section 17.4 if it only intended to continue established principles of case law regarding tenancies by the entirety, such as the equitable concepts in Newman v. Chase. [3] The "default" approach in N.J.S.A. 46:3-17.2 -which essentially treats a wide range of conveyances of title enumerating a "husband and wife" as tenancies by the entirety-bespeaks *439 a legislative intent to maximize each spouse's protection from a non-consensual diminution of his or her interests.
Although there is no reported New Jersey opinion directly on point interpreting N.J.S.A. 46:3-17.4 in this third-party creditor context, the interpretation we adopt today has been echoed by other courts.[4] For example, in In re Wanish, 555 B.R. 496, 499 (Bankr. E.D. Pa. 2016), the United States Bankruptcy Court for the Eastern District of Pennsylvania highlighted the difference in controlling New Jersey law before the adoption of N.J.S.A. 46:3-17.4 (when Newman v. Chase and similar equity-based case law applied to tenancies by the entirety) and circumstances arising after the effective date of the statute in 1988. Quoting from a bankruptcy opinion from another federal district that reached a similar conclusion, Wanish noted that:
the prohibition on a spouse's ability to alienate his or her own interest in entireties property under N.J.S.A. 46:3-17.4"evidences the legislature's intent to preserve the entireties estate and to elevate the interest of a married couple in the protection of their entireties property over the interest of a creditor of a single spouse in executing on such property."
[ Ibid. (emphasis added) (quoting In re Montemoino, 491 B.R. 580, 589 (Bankr. M.D. Fl. 2012) ).]
That said, we do not preclude a remedy by a creditor against property held by tenants by the entirety when the title was deeded as a fraudulent conveyance in order to avoid known debts to creditors. See N.J.S.A. 25:2-1 to -6 (the fraudulent conveyance statute). Here, no fraudulent conveyance *959 is alleged by plaintiffs or indicated by the record.[5]
Affirmed.

We note that Gwyn Jimenez, the co-owner of the parcel, was not named as a party to this action. Because our legal conclusion does not impair her interests in the property, we need not reach whether she should have been included in the lawsuit or the judgment enforcement proceedings as an indispensable party. See R. 4:28-1.

The parties in the litigation are related to one another and hence share the same surname.

We realize that a separate objective of the 1988 statutory scheme was to extend tenancies by the entirety status to personal property. Even so, that change in the law could have been accomplished without the inclusion of Section 17.4 affording maximum protection to such interests.

We do not rely on the contrary approach taken by a federal district judge in New Jersey in SEC v. Antar, 120 F.Supp.2d 431, 449-50 (D.N.J. 2000), a case cited by plaintiffs. There is no indication that the district judge in Antar considered the impact of N.J.S.A. 46:3-17.4.

By our holding in this third-party creditor context, we do not in any way question or qualify the distinguishable authority of a court to order the sale of a marital asset held by tenancy by the entirety in the setting of a divorce action. Cf. Randazzo v. Randazzo, 184 N.J. 101, 109-15, 875 A.2d 916 (2005) ; N.J.S.A. 2A:34-23(h).