**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3874-17T4

EBURY RE LLC,

     Plaintiff-Respondent,

v.

ANTONIA SURO,

     Defendant-Appellant,

and

THOMAS SURO and SOVEREIGN
BANK, n/k/a SANTANDER BANK,
NA,

     Defendants.

_____

Submitted June 4, 2019 – Decided June 13, 2019

Before Judges Hoffman and Geiger.

On appeal from Superior Court of New Jersey, Chancery Division, Mercer County, Docket No. F-002372-17.

Antonia Suro, appellant pro se.

Pellegrino & Feldstein, LLC, attorneys for respondent (Michael G. Pellegrino, on the brief).

PER CURIAM

Defendant Antonia Suro appeals from a Chancery Division order denying her motion to vacate the default and final judgment entered against her, and to dismiss the complaint. Finding no merit in any of defendant's arguments, we affirm.

In this tax lien foreclosure action, plaintiff Tower Fund Services as Custodian for Ebury Fund 2NJ LLC filed its complaint to foreclose a tax sale certificate affecting property in Trenton (the subject property) on January 31, 2017. The complaint named both Thomas Suro and Antonia Suro (collectively defendants)[1] as defendants based on the recorded deed conveying the subject property to them. Plaintiff subsequently moved to substitute Ebury Re LLC as the name of plaintiff due to changes in its corporate structure and the resulting assignment of the tax sale certificate.

In February 2017, plaintiff arranged for Guaranteed Subpoena Service to serve the summons and complaint on defendants. The attempt was unsuccessful; the return of service stated the house was "possibly vacant and abandoned."

---

[1] We refer to Thomas and Antonia Suro by their first names to avoid confusion. We intend no disrespect.

Counsel for plaintiff conducted several searches to determine any other whereabouts of defendants, but those searches were unsuccessful. Counsel represented that it appeared defendants were avoiding service.

Postal inquiries confirmed mail was delivered to Thomas and Antonia at the subject property. Plaintiff's counsel then mailed the summons and complaint to the subject property on March 1, 2017. Both mailings were delivered as confirmed by certified mail green receipt cards signed by Antonia. Plaintiff also published a Notice to Absent Defendants in The Times of Trenton, a newspaper of general circulation in Mercer County, on April 28, 2017, in accordance with Rule 4:4-4(a). Additionally, plaintiff's counsel represented to the trial court that he spoke to both Antonia and her sister regarding the foreclosure, and that Antonia was properly served with process and had actual knowledge of the foreclosure action as early as March 2017.

On July 18, 2017, an order setting time to redeem was entered setting September 1, 2017, as the time to redeem the tax sale certificate, and $50,608.41 as the amount to redeem. The order was sent to defendants by regular and certified mail on July 19, 2017, and published in The Times of Trenton on July 21, 2017. Defendants did not redeem the tax sale certificate or file any pleadings or motions with the court. On September 15, 2017, plaintiff moved for entry of

<span>A-3874-17T4</span>

judgment. The motion papers were sent to defendants by regular and certified mail. An uncontested final judgment of foreclosure was entered against defendants on October 20, 2017. Copies of the judgment were mailed to defendants by regular and certified mail on October 31, 2017. In all three instances, the certified mail was returned stamped "Unclaimed." The regular mail was not returned by the Postal Service as undeliverable.

On December 19, 2017, Antonia received notice that physical eviction from the subject property would occur on February 15, 2018, through execution of a writ of possession. On February 7, 2018, Antonia moved to vacate the default and final judgment and to dismiss the complaint. She claimed service of process was defective and the property taxes were paid while the foreclosure action was pending. Antonia disputed plaintiff was unable to personally serve her at the subject property and took issue with the service by mail. Plaintiff opposed the motion. Plaintiff represented defendants were properly credited for all payments made. Correspondence from the Tax Collector confirmed defendants were credited for tax payments on the 2017 taxes but did not complete redemption of the taxes that fell due from 2010 to 2016.

The motion was considered on the papers without oral argument. The trial court issued a March 14, 2018 order and written statement of reasons denying

the motion. The court recognized that while motions to vacate default "should be viewed with great liberality," quoting <u>Marder v. Realty Construction Co.</u>, 84 N.J. Super. 313, 319 (App Div.) <u>aff'd</u>, 43 N.J. 508 (1964), motions for relief from judgments based on any of the six grounds specified in <u>Rule</u> 4:50 "should be granted sparingly," citing <u>U.S. Bank National Ass'n v. Guillaume</u>, 209 N.J. 449, 467 (2012). The court noted "[a] default judgment will not be disturbed unless the failure to answer or otherwise appear and defend was excusable under the circumstances <u>and</u> unless the defendant has a meritorious defense," citing <u>Guillaume</u>, 209 N.J. 468-69.

Applying those principles, the trial court concluded:

> Here, there is no issue with service of the complaint upon [d]efendant. Plaintiff made a diligent effort to serve [d]efendant at the subject property. Having been unable to serve [d]efendants by personal service, plaintiff served by the alternative means for service pursuant to [<u>Rule</u>] 4:4-[5] and [<u>Rule</u>] 4:64-7. Furthermore, [d]efendant has not redeemed the tax lien in full. Defendant and [d]efendant's sister have confirmed that [d]efendant is unable to pay off the tax lien.
>
> Based upon the foregoing, [d]efendant has failed to demonstrate good cause for vacating the Final Judgment in this matter.

The order was not stayed pending appeal. The subject property was sold by plaintiff to a third party on September 24, 2018 for the sum of $33,000.

5

Defendant raises the following arguments: (1) the trial court erred and abused its discretion in refusing to vacate the default judgment under Rules 4:50-1(d) and (f), and 4:50-3; (2) plaintiff deprived Antonia of the opportunity to protect her interest by not serving her with a summons with the complaint; (3) plaintiff prevented the Estate of Thomas Suro from protecting its interest by omitting the Estate from the complaint despite having knowledge of his death; and (4) plaintiff is guilty of unclean hands.

We affirm substantially for the reasons expressed by the trial court in its written statement of reasons. Defendant's arguments lack sufficient merit to warrant further discussion in this opinion, Rule 2:11-3(e)(1)(E), except for the following comments.

Antonia states Thomas died on March 28, 2009 and asserts his estate was prejudiced by the lack of service on it. Thomas and Antonia owned the subject property as tenants by the entirety. "A tenancy by the entirety is a form of joint property ownership available only to spouses that is created 'when property is held by a husband and wife with each becoming seized and possessed of the entire estate.'" Jimenez v. Jimenez, 454 N.J. Super. 432, 436 (App. Div. 2018) (quoting N.T.B. v. D.D.B., 442 N.J. Super. 205, 218 (App. Div. 2015)). Each tenant by the entirety has a right to survivorship; upon the death of one spouse,

the surviving spouse "takes the whole." Ibid. (quoting N.T.B., 442 N.J. Super. at 218). Upon the death of her husband, Antonia became sole owner of the subject property by operation of law. Consequently, the Estate of Thomas Suro was not a necessary party to the foreclosure action as it had no interest in the subject property.

The record demonstrates plaintiff was unable to personally serve Antonia with process despite diligent inquiry. Rule 4:4-5(a)(2) permits service of process by mail and Rule 4:4-5(a)(3) permits service of process by publication of a notice to absent defendants in tax lien foreclosures when "a defendant cannot, after diligent inquiry . . . be served within the State." R. 4:4-5(a). The service of process on Antonia by mail and publication was in conformance with those rules and consistent with due process in this in rem foreclosure action.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3874-17T4