**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4032-21

UNIFUND CCR PARTNERS,

    Plaintiff-Respondent,

v.

WILLIAM K. STONE, III,

    Defendant-Appellant.

_____

Submitted November 15, 2023 – Decided December 5, 2023

Before Judges Firko and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. DC-000781-05.

Erik Mark Helbing, attorney for appellant.

Tsarouhis Law Group, LLC, attorneys for respondent (Jonathan D. Rudolph, on the brief).

PER CURIAM

    Defendant William K. Stone, III, appeals from a July 29, 2022 Law Division, Special Civil Part order granting plaintiff Unifund CCR Partners'

motion seeking the turnover of $2,471.10 from a TD Bank account jointly owned by defendant and his wife to partially satisfy a judgment entered against defendant only. We affirm the portion of the order requiring the turnover of funds from the joint account, but vacate the amount of the funds specified in the order and remand for the entry of an amended order with the denoted amount set forth in this decision.

The parties do not dispute that defendant and his wife, Margaret,[1] have been married since 1983 and jointly own a TD Bank account (the joint account). On March 30, 2005, a judgment in the amount of $13,144.64 was entered against defendant. Thereafter, the court issued several writs of execution which partially satisfied the judgment. On April 21, 2022, the court officer returned an execution of levy on the joint account in the amount of $2,471.10. On May 17, 2022, plaintiff filed a motion to turn over the levied funds.

Defendant opposed the motion arguing the funds in the joint account were exempt from levy. Defendant's certification set forth that $2,471.10 was debited from the joint account on April 18, 2022, as a result of the levy, leaving a balance of $273.98. Defendant merely asserted that he and his wife were "joint owners

_____

[1] Since defendant and his wife share a surname, we refer to Margaret Stone by her first name for ease of reference and intend no disrespect.

A-4032-21

of a bank account at TD Bank," without providing any additional facts as to the form of ownership.

Defendant submitted a bank statement for the period March 21, 2022 to April 20, 2022, listing the account owners as Margaret T[.] Stone and William K[.] Stone.  No further evidence as to the joint account was submitted.

On July 29, 2022, the court held oral argument and then granted plaintiff's motion.  In doing so, the court distinguished Jimenez v. Jimenez, 454 N.J. Super. 432, 437-39 (App. Div. 2018), where we precluded partition of real property owned by a married couple as a tenancy by the entirety to collect on a judgment entered against only one spouse.  The court found the TD Bank account was jointly owned by defendant and Margaret rather than held as a tenancy by the entirety.  The court also found the $1,000 statutory exemption under N.J.S.A. 2A:17-19 was inapplicable since defendant was previously afforded this relief.[2] The court entered an order memorializing its decision to grant plaintiff's motion and to compel the turnover of $2,471.10 from the joint account.

---

[2]  Although defendant represented to the court he was entitled to the $1,000 personal property exemption pursuant to N.J.S.A. 2A:17-19, defendant does not renew this argument on appeal.

A-4032-21

On appeal, defendant argues the court erred in finding the joint account did not constitute property owned by defendant and Margaret as tenants by the entirety. Defendant relies on N.J.S.A. 46:3-17 to -17.5 (the Tenancy Act), to support his position that the creditor of one spouse cannot execute on marital property owned as a tenancy by the entirety to satisfy a judgment.

In response, plaintiff argues the evidence before the court did not establish the joint account was owned by defendant and Margaret as tenants by the entirety. Plaintiff further asserts the Tenancy Act only applies to real property, and, therefore, the Multiple-party Deposit Account Act (MPDAA), N.J.S.A. 17:16I-1 to -17, is controlling. Plaintiff also contends defendant failed to meet his burden of establishing that any of the funds in the joint account belonged exclusively to Margaret so as to avoid turnover.

We review the legal determinations of the trial court de novo. "[A] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)). Likewise, our review of rulings of law and issues regarding the applicability, validity, or interpretation of laws, statutes, or rules, such as the ones before the court, is de novo. See

A-4032-21

Kocanowski v. Twp. of Bridgewater, 237 N.J. 3, 9 (2019); State v. Fuqua, 234 N.J. 583, 591 (2018) (finding that "[q]uestions pertaining to statutory interpretation are legal in nature" and, therefore, appellate review should be "unconstrained by deference to the decisions of the trial court").

"A tenancy by the entirety is a form of joint property ownership available only to spouses that is created 'when property is held by a husband and wife with each becoming seized and possessed of the entire estate.'" N.T.B. v. D.D.B., 442 N.J. Super. 205, 218 (App. Div. 2015) (quoting Cap. Fin. Co. of Del. Valley, Inc. v. Asterbadi, 389 N.J. Super. 219, 227 (Ch. Div. 2006), aff'd in part and remanded in part, 398 N.J. Super. 299 (App. Div. 2008)). In 1987, the Legislature enacted the relevant portion of the Tenancy Act, which states as follows:

> A tenancy by entirety shall be created when:
>
> a. A husband and wife together take title to an interest in real property or personal property under a written instrument designating both of their names as husband and wife; or
>
> . . . .
>
> Language which states "...... and ......, his wife" or ".......... and .........., her husband" shall be deemed to create a tenancy by the entirety.
>
> [N.J.S.A. 46:3-17.2.]

A-4032-21

No instrument creating a property interest on the part of a husband and wife shall be construed to create a tenancy in common or a joint tenancy unless it is expressed therein or manifestly appears from the tenor of the instrument that it was intended to create a tenancy in common or joint tenancy.

[N.J.S.A. 46:3-17.3.]

Neither spouse may sever, alienate, or otherwise affect their interest in the tenancy by entirety during the marriage or upon separation without the written consent of both spouses.

[N.J.S.A. 46:3-17.4.]

Upon the death of either spouse, the surviving spouse shall be deemed to have owned the whole of all rights under the original instrument of purchase, conveyance, or transfer from its inception.

[N.J.S.A. 46:3-17.5.]

When interpreting a statute, "[t]he Legislature's intent is the paramount goal." DiProspero v. Penn, 183 N.J. 477, 492 (2005). "[G]enerally, the best indicator of that intent is the statutory language." Ibid.

The Legislature instructs that in its statutes, "words and phrases shall be read and construed with their context," and that such words and phrases "shall, unless inconsistent with the manifest intent of the legislature or unless another or different meaning is expressly indicated, be given their generally accepted meaning, according to the approved usage of the language."

6

[Spade v. Select Comfort Corp., 232 N.J. 504, 514-15 (2018), decision reached on appeal and remanded, 737 F. App'x 85 (3d Cir. 2018) (quoting N.J.S.A. 1:1-1).]

As a threshold issue, we first address whether the joint account is owned by defendant and Margaret as tenants by the entirety under the Tenancy Act. The record is devoid of any evidence specifying defendant and Margaret own the TD Bank account as "husband and wife." There is neither language on the bank statement nor any other evidence in the record before the court establishing the "tenor of the instrument" intended to create a tenancy in common or joint tenancy. Thus, the court properly concluded defendant and Margaret owned the account jointly, rather than as tenants by the entirety under the Tenancy Act.

Since defendant and Margaret do not own the joint account as tenants by the entirety, we need not decide whether the Tenancy Act's prohibitions to collection apply to the turnover of funds in a bank account, as distinguished from other post-judgment collection remedies. Cf. Jimenez, 454 N.J. Super. at 438 (the Tenancy Act "precludes the partition and forced sale of the real property because defendant and his wife own it as tenants by the entirety"). In a similar vein, we need not address defendant's argument that the MPDAA does not govern the outcome because it has been superseded by the Tenancy Act.

7

We agree the MPDAA dictates the result in this case since defendant and Margaret owned the TD Bank account jointly. The MPDAA sets forth as follows:

> Unless a contrary intent is manifested by the terms of the contract, or the deposit agreement, or there is other clear and convincing evidence of a different intent at the time the account is created:
>
> a. A joint account belongs, during the lifetime of all parties, to the parties in proportion to the net contributions by each to the sums on deposit. In the absence of proof of net contributions, the account belongs in equal shares to all parties having present right of withdrawal.
>
> [N.J.S.A. 17:16I-4.]

We have previously held it is the plaintiff's burden to establish the balance in the account is "the individual property of the judgment debtor, and therefore applicable to the satisfaction of the judgment." Banc of Am. Leasing & Cap., LLC v. Fletcher-Thompson Inc., 453 N.J. Super. 50, 53 (App. Div. 2018) (quoting Esposito v. Palovick, 29 N.J. Super. 3, 10-11 (App. Div. 1953)). Under the MPDAA, if a plaintiff does not establish the net contributions to a joint account, the funds are deemed shared equally among parties with the right of withdrawal. N.J.S.A. 17:16I-4(a).

A-4032-21

Here, the MPDAA mandates the joint account be deemed equally owned by each spouse since plaintiff did not satisfy its burden of establishing that the net contributions were made only by defendant. In light of the plain statutory language of the MPDAA, we decline to embrace plaintiff's suggestion that the absence of evidence on apportionment means the entirety of the funds may be levied and turned over.

We vacate the July 29, 2022 order in part and remand to the Law Division to enter an amended order granting the turnover of one-half of the joint account balance as of the date of the levy.

Affirmed in part, vacated in part, and remanded for the Law Division to enter an amended order consistent with our opinion. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4032-21