**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2579-22

DISCOVER BANK,

  Plaintiff-Respondent,

v.

STEVEN MULLEN,

  Defendant-Appellant.

_____

Submitted November 15, 2023 – Decided December 13, 2023

Before Judges Firko and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. DC-000959-22.

Erik Mark Helbing, attorney for appellant.

Zwicker & Associates, PC, attorneys for respondent (Gilbert Todd Pondish, on the brief).

PER CURIAM

  Defendant Steven Mullen appeals from a March 16, 2023 Law Division, Special Civil Part order granting plaintiff Discover Bank's motion seeking the

turnover of $9,282.03 from two PNC Bank accounts jointly owned by defendant and his wife to fully satisfy a judgment entered against defendant only. We affirm the portion of the order requiring the turnover of funds from the joint account, but vacate the amount of the funds specified in the order and remand for the entry of an amended order consistent with this decision.

The parties do not dispute that defendant and his wife, Erica Kaps, have been married since 2013 and jointly own a primary and a secondary account with PNC Bank (the joint accounts). On June 9, 2022, a judgment in the amount of $8,432.26 was entered against defendant. On October 13, 2022, plaintiff requested a bank levy on the account which was subsequently granted. Thereafter, a Special Civil Part court officer served a writ of execution against defendant's funds in full satisfaction of the judgment. On December 9, 2022, funds totaling $9,282.03[1] were levied from the joint accounts pursuant to the writ. On January 27, 2023, plaintiff filed a motion to turn over the levied funds.

Defendant opposed the motion arguing the funds in the joint accounts were exempt from levy. Defendant's certification merely asserted that he and

---

[1] The record is silent as to the difference between the amount of the judgment and the funds levied pursuant to the writ.

A-2579-22

his wife were "currently joint owners of two bank accounts at PNC Bank," without providing any additional facts as to the form of ownership.

Defendant submitted bank statements for four billing cycles between September 8, 2022 and January 9, 2023 for the primary account and for two billing cycles—October 8 to November 7, 2022, and December 8, 2022 to January 9, 2023—for the secondary account. The statements list the account owners as Steven M[.] Mullen and Erica A[.] Kaps. The daily balances in the accounts as of the December 9, 2022 levy date are included in the statements. No further evidence as to the joint accounts was submitted beyond the bank statements.

On March 10, 2023, the court held argument on the turnover motion. On March 16, 2023, the court entered an oral decision granting plaintiff's motion. In doing so, the court distinguished Jimenez v. Jimenez, 454 N.J. Super. 432, 437-39 (App. Div. 2018), where we precluded partition of real property owned by a married couple as a tenancy by the entirety to collect on a judgment entered against only one spouse. The court found that Jimenez was only controlling in matters of real property owned as a tenancy by the entirety. Instead, the court found that the accounts were jointly owned by defendant and Kaps, and therefore governed by N.J.S.A. 17:16I-4. As such, the court found that because there was

an absence of proof regarding proportionality of contributions, the accounts were owned in equal shares between defendant and Kaps. The court found that since defendant had not come forward with any proofs as to the net contributions, plaintiff was entitled to the entire balance in each of the joint accounts. The court entered an order memorializing the decision and compelling the turnover of $9,282.03 from the joint accounts.

On appeal, defendant argues that the court erred in finding the joint accounts did not constitute property owned by defendant and Kaps as tenants by the entirety. Defendant relies on N.J.S.A. 46:3-17 to -17.5 (the Tenancy Act), to support his position that the creditor of one spouse cannot execute on marital property owned as a tenancy by the entirety to satisfy a judgment.

In response, plaintiff argues the evidence before the court did not establish the joint accounts were owned by defendant and Kaps as tenants by the entirety. Plaintiff further asserts that N.J.S.A. 17:16I-4—a provision within the Multiple-party Deposit Account Act (MPDAA), N.J.S.A. 17:16I-1 to -17—is controlling in this matter.

Plaintiff contends defendant withheld information about the source of and total amount of the funds in the joint accounts from the court altogether. Plaintiff asserts that the court requested defendant provide this financial

information but he withheld it.  Therefore, plaintiff contends that because it was impossible for the court to determine the proper amount of the funds that should have been levied, the determination to turn over the entire amount of the levy was appropriate.  The request is not established by evidence in the record.

We review the legal determinations of the trial court de novo.  "[A] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference."  Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).  Likewise, our review of rulings of law and issues regarding the applicability, validity, or interpretation of laws, statutes, or rules, such as the ones before the court, is de novo.  See Kocanowski v. Twp. of Bridgewater, 237 N.J. 3, 9 (2019); State v. Fuqua, 234 N.J. 583, 591 (2018) (finding that "[q]uestions pertaining to statutory interpretation are legal in nature" and, therefore, appellate review should be "unconstrained by deference to the decisions of the trial court").

"A tenancy by the entirety is a form of joint property ownership available only to spouses that is created 'when property is held by a husband and wife with each becoming seized and possessed of the entire estate.'"  N.T.B. v. D.D.B., 442 N.J. Super. 205, 218 (App. Div. 2015) (quoting Cap. Fin. Co. of Del. Valley,

Inc. v. Asterbadi, 389 N.J. Super. 219, 227 (Ch. Div. 2006), aff'd in part and remanded in part, 398 N.J. Super. 299 (App. Div. 2008)). In 1987, the Legislature enacted the relevant portion of the Tenancy Act, which states as follows:

> A tenancy by entirety shall be created when:
>
> a. A husband and wife together take title to an interest in real property or personal property under a written instrument designating both of their names as husband and wife; or
>
> . . . .
>
> Language which states "...... and ......, his wife" or ".......... and .........., her husband" shall be deemed to create a tenancy by the entirety.
>
> [N.J.S.A. 46:3-17.2.]
>
> No instrument creating a property interest on the part of a husband and wife shall be construed to create a tenancy in common or a joint tenancy unless it is expressed therein or manifestly appears from the tenor of the instrument that it was intended to create a tenancy in common or joint tenancy.
>
> [N.J.S.A. 46:3-17.3.]
>
> Neither spouse may sever, alienate, or otherwise affect their interest in the tenancy by entirety during the marriage or upon separation without the written consent of both spouses.
>
> [N.J.S.A. 46:3-17.4.]

6

Upon the death of either spouse, the surviving spouse shall be deemed to have owned the whole of all rights under the original instrument of purchase, conveyance, or transfer from its inception.

[N.J.S.A. 46:3-17.5.]

When interpreting a statute, "[t]he Legislature's intent is the paramount goal." DiProspero v. Penn, 183 N.J. 477, 492 (2005). "[G]enerally, the best indicator of that intent is the statutory language." Ibid.

> The Legislature instructs that in its statutes, "words and phrases shall be read and construed with their context," and that such words and phrases "shall, unless inconsistent with the manifest intent of the legislature or unless another or different meaning is expressly indicated, be given their generally accepted meaning, according to the approved usage of the language."
>
> [Spade v. Select Comfort Corp., 232 N.J. 504, 514-15 (2018), decision reached on appeal and remanded, 737 F. App'x 85 (3d Cir. 2018) (quoting N.J.S.A. 1:1-1).]

As a threshold issue, we first address whether the joint accounts are owned by defendant and Kaps as tenants by the entirety under the Tenancy Act. The record is devoid of any evidence specifying defendant and Kaps own the joint accounts as "husband and wife." There is neither language on the bank statement nor any other evidence in the record before the court establishing the "tenor of the instrument" intended to create a tenancy in common or joint tenancy. We reject defendant's argument that the statutory language supports a presumption

7

that a tenancy by the entirety was created. Thus, the court properly concluded based upon the evidence before it that defendant and Kaps owned the accounts jointly, rather than as tenants by the entirety under the Tenancy Act.

Since defendant and Kaps do not own the joint accounts as tenants by the entirety, we need not decide whether the Tenancy Act's prohibitions to collection apply to the turnover of funds in a bank account, as distinguished from other post-judgment collection remedies. Cf. Jimenez, 454 N.J. Super. at 438 (the Tenancy Act "precludes the partition and forced sale of the real property because defendant and his wife own it as tenants by the entirety"). In a similar vein, we need not address defendant's argument that the MPDAA does not govern the outcome because it has been superseded by the Tenancy Act.

We agree the MPDAA dictates the result in this case since defendant and Kaps own the accounts jointly. The MPDAA sets forth as follows:

> Unless a contrary intent is manifested by the terms of the contract, or the deposit agreement, or there is other clear and convincing evidence of a different intent at the time the account is created:
>
> a. A joint account belongs, during the lifetime of all parties, to the parties in proportion to the net contributions by each to the sums on deposit. In the absence of proof of net contributions, the account belongs in equal shares to all parties having present right of withdrawal.

A-2579-22

[N.J.S.A. 17:16I-4.]

We have previously held it is the plaintiff's burden to establish the balance in the account is "the individual property of the judgment debtor, and therefore applicable to the satisfaction of the judgment." Banc of Am. Leasing & Cap., LLC v. Fletcher-Thompson Inc., 453 N.J. Super. 50, 53 (App. Div. 2018) (quoting Esposito v. Palovick, 29 N.J. Super. 3, 10-11 (App. Div. 1953)). Under the MPDAA, if a plaintiff does not establish the net contributions to a joint account, the funds are deemed shared equally among parties with the right of withdrawal. N.J.S.A. 17:16I-4(a).

Here, the MPDAA mandates the joint accounts be deemed equally owned by each spouse since plaintiff did not satisfy its burden of establishing that the net contributions were made only by defendant. In light of the plain statutory language of the MPDAA, we decline to embrace plaintiff's suggestion that the absence of evidence on apportionment means the entirety of the funds may be levied and turned over.

We vacate the March 16, 2023 order in part and remand to the Law Division to enter an amended order granting the turnover of one-half of the balance of the joint accounts as of the date of the levy.

A-2579-22

Affirmed in part, vacated in part, and remanded for the Law Division to enter an amended order consistent with our opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2579-22