**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3068-22

DISCOVER BANK,

     Plaintiff-Respondent,

v.

SADIA TAHIR,

     Defendant-Appellant.

_____

Submitted May 15, 2024 – Decided July 19, 2024

Before Judges Firko and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. DC-010515-20.

Erik Mark Helbing, attorney for appellant.

Zwicker & Associates, PC, attorneys for respondent (G. Todd Pondish, on the brief).

PER CURIAM

    Defendant Sadia Tahir appeals from an April 27, 2023 Law Division order granting plaintiff Discover Bank's motion to turnover $9,985.92 seized from

defendant's account at J.P. Morgan Chase Bank (Chase Bank). The funds were levied following a judgment against defendant. Defendant contends she and her husband own the Chase Bank account as tenants by the entirety. Thus, because she is solely responsible for the underlying judgment, defendant argues the trial court had no authority to order the turnover of funds from the jointly-owned account. After carefully reviewing the record in light of the governing legal principles and arguments of the parties, we affirm.

The record shows that defendant married her husband, Malik Tahir, in Pakistan in January 2014. They are the joint owners of the Chase Bank account. It is not disputed that the underlying judgment is solely against defendant.

On July 12, 2022, $9,985.92 was levied against the Chase Bank account. On July 22, 2022, plaintiff filed a motion for turnover of the levied funds. Defendant opposed the motion, arguing the funds in the account were exempt. However, she did not provide any documentation to identify the source of the funds deposited in the Chase Bank account.

At oral argument, the trial court noted there was no evidence the money in the account belonged to one spouse or another. Citing Banc of Am. Leasing & Cap., LLC v. Fletcher-Thompson Inc., 453 N.J. Super. 50, 53 (App. Div. 2018), the court determined it needed documentation showing the source of the

funds comprising the Chase Bank account. The court adjourned the matter to allow defendant to provide bank statements establishing the source of the funds.

At the next hearing, the trial court noted defendant did not present the requested evidence concerning ownership of the funds in the Chase Bank account. The court concluded the money was not exempt, denied defendant's objection to the levy, and granted plaintiff's motion to turnover the funds. This appeal follows.

In Banc of America, we held "when seeking a turnover from a joint account, the judgment creditor has the burden 'to prove that the moneys thus deposited are the individual property of the judgment debtor, and therefore applicable to the satisfaction of the judgment.'" 453 N.J. Super. at 53 (quoting Esposito v. Palovick, 29 N.J. Super. 3, 10-11 (App. Div. 1953)). In Esposito, we held it could not be presumed "that one depositing his [or her] own funds in a joint account in the names of himself [or herself] and another has thereby created a joint tenancy in the account." 29 N.J. Super. at 8.

N.J.S.A. 17:16I-4(a) provides in relevant part:

> A joint account belongs, during the lifetime of all parties, to the parties in proportion to the net contributions by each to the sums on deposit. In the absence of proof of net contributions, the account belongs in equal shares to all parties having present right of withdrawal.

A-3068-22

Under this statutory framework, the Chase Bank account funds belong to both defendant and her husband in proportion to their individual deposits. Further, the statute clearly provides that absent proof of their individual contributions, it is presumed that each named account holder owns an equal share in the funds in the account.

In this instance, the trial court gave defendant an opportunity to present evidence to overcome the statutory presumption, but she did not avail herself of that opportunity. Instead, she argues that another statute effectively supersedes N.J.S.A. 17:16I-4. Specifically, defendant relies on N.J.S.A. 46:3-17.4, which provides:

> Neither spouse may sever, alienate, or otherwise affect their interest in the tenancy by the entirety during the marriage or upon separation without the written consent of both spouses.

Defendant also relies on our decision in Jimenez v. Jimenez, 454 N.J. Super. 432 (App. Div. 2018). In that case, the defendant and his non-party spouse obtained a tract of land they owned as tenants by the entirety. Id. at 434. The plaintiffs moved to compel the partition and sale of the jointly-owned property to satisfy a judgment against the defendant. Id. at 434-35. The trial

4

court denied the motion, finding N.J.S.A. 46:3-17.4 prohibited that remedy. Id. at 435. We affirmed, noting:

> We recognize Section 17.4 literally commands that "neither spouse" may sever, alienate, or otherwise affect their shared interests in the tenancy by the entirety, and that plaintiffs are not [the defendant's] "spouse." Even so, we conclude the statutory prohibition applies to a situation where, as here, one spouse's failure to pay his personal debts to third-party creditors has resulted in a money judgment entered against him alone. Otherwise, a free-wheeling spouse, by amassing such individual debt, could detrimentally "affect" the other spouse's interests in their co-owned property.
>
> [Id. at 438.]

Plaintiff argues defendant's reliance upon Jimenez is misplaced because it involved a judgment creditor attempting to force the sale of real property to enforce payment of an obligation against one of the co-owners. Real property rights as between joint owners, plaintiff contends, cannot be individually addressed without liquidating the property in question. Therefore, any execution on that property would necessarily involve its sale, infringing on the individual property rights of the innocent co-owner. Plaintiff argues—and we agree—that concern does not arise with respect a joint bank account, since it is a straightforward matter to apportion the relative ownership interests of the

A-3068-22

depositors without affecting the remaining funds belonging to the innocent co-owner.

Defendant notes that the concept of tenancy by the entirety can apply to personal property and not just real property, citing N.J.S.A. 46:3-17.2(a). That statute provides, in pertinent part, that "[a] tenancy by entirety shall be created when . . . [a] husband and wife together take title to an interest in real property or personal property under a written instrument designating both of their names as husband and wife." (Emphasis added).

We conclude that in this specific application, N.J.S.A. 46:3-17.4 does not supersede the presumptive apportionment established in N.J.S.A. 17:16I-4. The latter statute upon which the trial court relied deals specifically with jointly-owned bank accounts. We are not persuaded that it was effectively eviscerated by another statute dealing with all manner of personal property, including personal property that could not be apportioned without liquidation.

Furthermore, as we have noted, defendant was afforded an opportunity to overcome the presumption but chose not to comply with the trial court's instructions. Her refusal to provide documentation to answer the question raised by the trial court provides an adequate basis for applying the unrebutted statutory presumption. In sum, we find no error in the trial court's determination

6

that the Chase Bank account funds were not exempt and could be levied upon to satisfy the judgment against plaintiff.  To the extent we have not specifically addressed them, any remaining arguments raised by defendant lack sufficient merit to warrant discussion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office

CLERK OF THE APPELLATE DIVISION

A-3068-22