**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3350-24

MICHAEL WALLACE and
PHILLIP SELIGMAN, by
Assignee, MMU, LLC
(R. 1:4-10),

     Plaintiff-Appellant,

v.

SCOTT ELBERG,

     Defendant-Respondent.

_____

Argued May 12, 2026 – Decided May 29, 2026

Before Judges Susswein and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-4043-19.

W. Peter Ragan, Sr., argued the cause for appellant (Ragan & Ragan, PC, attorneys; W. Peter Ragan, Sr., on the brief).

Jeffrey A. Cooper argued the cause for respondent (Rabinowitz Lubetkin & Tully, LLC, attorneys; Jeffrey A. Cooper, of counsel and on the brief).

PER CURIAM

Plaintiff Michael Wallace and Phillip Seligman's assignee MMU, LLC, appeals from a May 23, 2025 order denying its motion to permit the sale of real property owned by defendant Scott Elberg and his spouse as tenants by the entirety and a June 19, 2025 order denying reconsideration. We affirm.

I.

Defendant and his non-party spouse jointly own a home as tenants by the entirety. The property was valued at approximately $1,259,000 with a mortgage of approximately $475,000.

On January 7, 2021, defendant resolved a debt he solely owed to Wallace and Seligman by entering into a consent judgment in the amount of $350,000. The judgment was docketed on January 29, 2021. On February 7, 2025, Wallace and Seligman assigned the judgment to MMU.

In an effort to collect on the judgment, MMU issued a post-judgment information subpoena to defendant to obtain documents and schedule his deposition. Defendant did not appear for his deposition.

On March 14, 2025, the court issued an order compelling defendant to appear on a date certain to be deposed and to produce the requested documents. On April 24, 2025, defendant appeared for his deposition. Defendant testified

that he is unemployed; co-owns a limited liability consulting company with his non-party spouse; has no other sources of income; owns shares in a private company with no stock certificate; his car is owned by his spouse; he owns no real or personal property other than the residence he jointly owns with his non-party spouse; and all personal property in the residence is jointly owned with the non-party spouse.

MMU sought to compel the "sale of real property." In support of the relief sought, MMU's counsel certified that it was seeking an order "pursuant to [Rule] 4:59-1(d)(1) allowing the levy and sale of the judgment debtor's real property interest." On May 23, 2025, the court denied this relief, providing the following reasons:

> There is no showing that [p]laintiff has exhausted execution on all the personal property of [] [d]efendant per N.J.S.A. 4:59-1(d)(1); also as the property is held by ten[]ants by the entirety and both spouses are not parties to this action, the motion is DENIED per N.J.S.A. 46:3-17.4.

MMU sought reconsideration of the court's decision. On June 19, 2025, the court denied reconsideration, explaining that the real property in question is "owned by [the] judgment debtor . . . and his wife, specifically as tenants by the entirety," and

3

a tenant by the entirety can alienate his right of survivorship, and a judgment creditor may levy against, . . . such right, but neither tenant may force the involuntary partition of the subject property during the marriage.

In so holding, the court relied on N.J.S.A. 46:3-17.4 which provides:

Neither spouse may sever, alienate, or otherwise affect their interest in the tenancy by entirety during the marriage or upon separation without the written consent of both spouses.

The court determined that this statutory prohibition "preclud[ing] the partition of forced sale of the real property," applied to this case, where "one spouse has failed to pay his personal debts to a third-party creditor as a result of money judgment entered against him alone."  Thus, the court reconsidered the matter, but denied MMU's underlying relief.[1]

On appeal, MMU contends that the trial court erred by: (1) failing to provide adequate findings of fact and conclusions of law; (2) misapplying

---

[1] Respondent's brief states that on October 10, 2025, the court issued an order attaching the interests of the judgment debtor in a certain limited liability company in Wyoming.  Further, on July 10, 2025, MMU filed a complaint against defendant's spouse, alleging fraudulent conveyance.  Because these facts were not presented to the trial court, nor was a motion to supplement the record granted, we do not consider information outside of the record on appeal.  R. 2:5-4(a); see Townsend v. Pierre, 221 N.J. 36, 45 n. 2 (2015); N.J. DYFS v. M.M., 189 N.J. 261, 278 (2007).

A-3350-24

N.J.S.A. 46:3-17.4; and (3) applying the improper standard of "exhaustion" of "personal property."

## II.

### A.

MMU contends the trial court failed to provide adequate findings of fact and conclusions of law for its May 23, 2025 decision and erred by finding that plaintiff did not exhaust execution on defendant's personal property as required by Rule 4:59-1(d)(1). However, the court's stated reasons for its May 23, 2025 order were twofold: (1) plaintiff's failure to exhaust execution on defendant's personal property before seeking sale of the real property; and (2) the property was held by "ten[]ants by the entirety and both spouses are not parties to the action;" therefore, N.J.S.A. 46:3-17.4 bars the relief sought by MMU. In its June 19, 2025 decision denying reconsideration, the court amplified those reasons.

We begin by noting that MMU sought reconsideration of the court's May 23, 2025 order denying "the sale of land." Indeed, MMU's motion pleadings and draft order unambiguously sought: "an order permitting the sale of real property." Only during oral argument on the motion for reconsideration did MMU's counsel revise its prayer for relief, claiming that it was not seeking

A-3350-24

partition but rather was seeking "the [c]ourt's permission to sell at [a] sheriff's sale that portion of [] defendant's interest which is liable to execution and sale being the equity of the redemption." Moreover, at oral argument before this court, MMU acknowledged that it had not specifically requested an order permitting alienation of defendant's right of survivorship as required by our court rules. See R. 1:6-2(a) ("Every motion shall state the time and place when it is to be presented to the court, the grounds upon which it is made and the nature of the relief sought . . . .")

Although counsel acknowledged that MMU had not properly sought before the trial court an order permitting the alienation of defendant's right of survivorship in the property, counsel attempted to set forth the relief it wanted during oral argument. Specifically before the trial court, counsel stated that MMU did not "seek a partition of the defendant's property, . . . [but] [] merely [sought] the [c]ourt's permission to sell at a sheriff's sale that portion of [] defendant's interest which is liable to execution and sale being the equity of redemption." This specific relief had not been set forth in either the original or reconsideration motion.

The law is well-settled that the purpose of reconsideration is only to point out "the matters or controlling decisions which counsel believes the court has

6

overlooked or as to which is has erred" and not to raise new arguments or as a vehicle to present new evidence.  R. 4:49-2; Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996).   "Reconsideration should be utilized only for those cases . . . that fall within that narrow corridor" and not because a litigant is dissatisfied with the court's decision.  Capital Fin. Co. of Delaware Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008) (citing D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).

We are satisfied that the court's reasoning in the May 23, 2025 order and its June 19, 2025 amplification correctly set forth the applicable law and adequately explained its findings for denying the relief sought.  As the court more fully explained in its June 19 decision, "the statutory prohibition" set forth in N.J.S.A. 46:3-17.4 applied to this case, precluding a forced sale of real property without the judgment debtor's spouse's consent.  Although MMU now attempts to disavow any such claim for partition and instead argues for the alienation of defendant's right of survivorship, this relief was not stated in MMU's motion.  Instead, the sale of the property was the precise relief sought in its motion and reflected in its proposed order.  Thus, the court did not err in its denial of the specific relief requested.

B.

MMU argues that because it seeks "only to levy and sell the debtor's interest, i.e.[,] the right of survivorship in the property, there is no request for partition," and as a result, the court misapplied N.J.S.A. 46:3-17.4 and the holding of Jimenez v. Jimenez, 454 N.J. Super. 432 (App. Div. 2018). As we explained in the preceding section, because MMU did not request to levy and sell defendant's right of survivorship in the property, the court did not address this specific request.

The trial court discussed our decision in Jimenez and found it applicable to the present case because here, as in Jimenez, "one spouse [] failed to pay his personal debts to a third-party creditor[] as a result [a] [] money judgment [was] entered against him alone," and therefore, the statutory bar applies to the requested relief to sell the property. Id. at 438. Relying on our decision in N.T.B. v. D.D.B., 442 N.J. Super. 205, 218 (App. Div. 2015), we recognized in Jimenez that "[a] tenant by the entirety can alienate his or her right of survivorship, and a judgment creditor of either spouse may levy and execute upon such right." 454 N.J. Super. at 436 (quoting N.T.B., 442 N.J. Super. at 218) (last citation omitted). Because MMU did not properly request this relief, the trial court did not rule upon it. Moreover, we generally decline to address issues

8

not properly presented before the trial court "unless the question[] so raised on appeal go[es] to the jurisdiction of the trial court or concern matters of great public interest." Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (citation omitted). Therefore, we hold that the court properly applied N.J.S.A. 46:3-17.4's prohibition to the only relief properly before it—MMU's request to sell the property.

C.

Plaintiff's final argument is that the trial court applied the incorrect standard under N.J.S.A. 2A:17-1 and Rule 4:59-1(d)(1), requiring a judgment creditor to make a good faith attempt to locate the judgment debtor's property first before resorting to real property. Both the statute and rule require that execution on a judgment begins with a debtor's personalty before seeking a sale of real property. A judgment creditor must demonstrate a good faith effort to locate the judgment debtor's personal property. Borromeo v. DiFlorio, 409 N.J. Super. 124, 137 (App. Div. 2009); see Pojanowski v. Loscalzo, 127 N.J. 240, 242 (1992).

In its May 23, 2025 order, the trial court incorrectly stated that MMU had not shown that it had "exhausted execution on all personal property." However, in reconsidering the May 23, 2025 order, the court correctly stated that the

requirement of the judgment creditor "[is] to make a good faith-effort to . . . locate [personal] property."  In reconsidering the matter, the court corrected the error and set forth the proper legal standard.

Because the court found that the statutory prohibition applied to this situation, it did not need to reach, nor did it address, the issue of whether the judgment creditor made a good faith effort to locate defendant's assets.  We discern no error under these circumstances and are satisfied that the trial court did not abuse its discretion in denying reconsideration of its May 23, 2025 order.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

10